IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02181-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

CHHAIYA CHHAM

    Applicant,

v.

LORETTA LYNCH, United States Attorney General,
JEH JOHNSON, Secretary of Department of Homeland Security,
JOHN SUTHERS, U.S. Attorney General for Colorado,
JOHN MORTON, Department of Homeland Security Director of ICE,
JOHN LONGSHORE, Colorado Field Office Director,
CORINA E. ALMEIDA, Chief Counsel for D.H.S.-ICE,

    Respondents.

---

**ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION**

---

Applicant, Chhaiya Chham, is in the custody of U.S. Immigration and Customs Enforcement (ICE), currently detained at the Aurora Detention Center in Aurora, Colorado. On October 1, 2015, Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). He has paid the filing fee.

The court must construe the application liberally because Mr. Chham is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an

1

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Chham will be ordered to file an amended application if he wishes to pursue any claims in this action.

The court has reviewed the application and finds that it is deficient. First, although in non-immigration related § 2241 applications, the well accepted rule is that the proper respondent is the applicant's immediate custodian, this district has allowed additional respondents in immigration cases. *See Castillo-Hernandez v. Longshore*, 6 F. Supp.3d 1198 (D. Colo. 2013). In *Castillo*, District Judge Christine M. Arguello discussed at length the issue of the proper respondent(s) to a non citizen's § 2241 application challenging the legality of his or her pre-removal detention. *See id.* This Court agrees with Judge Arguello's determination that the immediate custodian rule of *Padilla* does not necessarily determine the proper respondent in immigration detention cases. *Id.* at 1211-13. As such, this court will allow individuals who may have some authority to grant Applicant a bond hearing, to release him from custody, or to interpret and apply the immigration statutes to be named as Respondents. *See id.* However, John Suthers, the former Colorado Attorney General, is not a proper Respondent because he has no such authority. Additionally, the current Attorney General for Colorado, Cynthia Coffman, also lacks such authority. Therefore, Mr. Chham shall file an amended application removing John Suthers as a respondent.

The application also is deficient because Mr. Chham fails to provide specific factual allegations in support of his claims that demonstrate constitutional rights or federal laws have been violated and that he is entitled to habeas corpus relief. Although the court must construe the application liberally, "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Chham's first and third claims for relief appear to be based on arguments that he should not be subject to mandatory detention under 8 U.S.C. § 1226(c). Under § 1226, the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States ("the pre-removal period"). During the pre-removal period, detention without release on bond is mandatory for certain classes of criminal aliens. *See* 8 U.S.C. § 1226(c)(1) and (2).

However, once an order of removal becomes administratively final, the Attorney General's authority to detain an alien shifts to 8 U.S.C. § 1231(a)(2). In this case, Mr. Chham's fourth claim for relief appears to claim that even though he is subject to a final order of removal, he should be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. Mr. Chham does not adequately allege if and when he received a final order of removal. If he is subject to a final order of removal, then his current detention is based on that final order of removal, under § 1231(a)(2) and not under the pre-removal mandatory detention of § 1226(c). Accordingly, if he is subject to a final order of removal, his claims challenging his detention under § 1226 appear moot. *See, e.g., Aguina-Arreola v. Holder*, No. 13-cv-02942-RM-KMT, 2014 WL 128559, at \*\*2-3 (D. Colo. Jan. 10, 2014); *Novitskiy v. Holm*, No. 12-cv-00965-MSK, 2013 WL 229577, at \*\*2-4 (D. Colo. Jan, 22, 2013); *De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231).

For these reasons, Mr. Chham must file an amended application that names proper Respondents and that clarifies the factual basis, including if and when he became subject to a final order of removal, for the claims he is asserting if he wishes to pursue those claims in this action.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Chham file an amended application that names proper Respondents and clarifies the factual basis for the claims he is asserting in this action. It is

FURTHER ORDERED that Mr. Chham shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Chham fails within the time allowed to file an amended application as directed, the action may be dismissed without further notice.

DATED October 14, 2015, at Denver, Colorado.

BY THE COURT:
s/ Gordon P. Gallagher

_____
United States Magistrate Judge